IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR SETH-MURRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMIE SORBER, et al. | : | NO. 21-5555 |

## **O R D E R**

AND NOW, this 20th day of December, 2022, upon careful and independent consideration of the petition for writ of habeas corpus, the response, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The petition for writ of habeas corpus is DENIED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/ Harvey Bartle III
_____
HARVEY BARTLE III, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR SETH-MURRAY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMIE SORBER, et al.[1] | : | NO. 21-5555 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                                                                    October 31, 2022

This is a pro se petition for writ of habeas corpus filed by Oscar Seth-Murray ("Seth-Murray") challenging his 2019 conviction for attempted homicide, aggravated assault, and possession of a firearm. <u>Commonwealth v. Seth-Murray</u>, CP-23-CR-0004511- 2018 (Del. C.C.P.).[2]  For the reasons that follow, I recommend that the petition be denied.

---

[1] Since Seth-Murray filed his habeas petition, he was transferred from the State Correctional Institution ("SCI") at Frackville, to SCI Phoenix at Collegeville, Pennsylvania.  Therefore, I have replaced George Little with Jamie Sorber, the superintendent at SCI Phoenix, as the respondent in this case.  <u>See</u> Rule 2(a), Rules Governing Section 2254 Cases (requiring the state officer with custody of the petitioner to be named as the respondent).

[2] In the petition, Seth-Murray indicates that he was convicted in the Court of Common Pleas of Philadelphia County and named the District Attorney of Philadelphia County as a respondent.  <u>Doc. 1</u> Caption & ¶ 1.  Based on the docket number identified in the petition, <u>Doc. 1</u> ¶ 1(b), it is clear that Seth-Murray is challenging his conviction in the Delaware Common Pleas Court.  The District Attorney of Delaware County is the proper respondent and responded to his petition.  <u>Doc. 11</u>.  Although Seth-Murray has a conviction in Philadelphia Municipal Court, <u>see</u> <u>Commonwealth v. Seth-Murray</u>, MC-51-SU-0001722-2014 (Phila. Mun. Ct.), the docket number, crime, and dates of conviction and sentencing identified in the petition correspond to the Delaware County conviction, not the Philadelphia conviction.

I.     **PROCEDURAL HISTORY**

On May 2, 2019, Seth-Murray entered a negotiated guilty plea.  In exchange for his guilty plea to attempted murder, aggravated assault, and possession of a firearm, the Commonwealth dropped several other charges.  See Doc. 15 at 22-23 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Signed Information (Del. C.C.P. May 2, 2019)).³  On June 20, 2019, the Honorable John P. Capuzzi, Sr., sentenced Seth-Murray to 15 -to- 40 years' imprisonment for attempted murder and concurrent terms for the other crimes consistent with the negotiated plea.  Doc. 15 at 43-44 (N.T. 6/20/19 at 8-9).⁴  Seth-Murray did not file a direct appeal.

On November 13, 2019, Seth-Murray filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-51, claiming that (1) his counsel was ineffective, (2) he entered an unlawfully induced guilty plea, (3) the sentence was excessive, and (4) the court lacked jurisdiction.  Doc. 15 at 66-69 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Petition for Collateral Relief (Del. C.C.P. Nov.

---

³The District Attorney filed the state court record electronically at Document 15. Pinpoint citations to documents filed with this court, including the state court record, will refer to the court's ECF pagination. There is no transcript of the May 2, 2019 guilty plea hearing in the record.  Neither the response to the habeas petition nor any filing or opinion in the state courts refer to such a transcript, and the trial court docket sheet does not contain an entry indicating the filing of such a transcript.  The transcript is not necessary to this court's disposition of Seth-Murray's claim.

⁴As set forth in the Affidavit of Probable Cause, Petitioner was charged with shooting two victims on June 15, 2018, at the Good Luck Restaurant in Upper Darby. One victim was shot in the neck and permanently paralyzed, and the second victim was shot in the leg.  Seth-Murray was identified from camera footage of the incident and a tattoo on his left hand and the second victim identified him from a photo array.  Doc. 15 at 105-06 (Police Criminal Complaint).

13, 2019)). On February 19, 2020, court-appointed counsel filed a no merit letter and a motion to withdraw. Doc. 15 at 57-63 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Application to Withdraw Appearance and attached letter (Del. C.C.P. Feb. 19, 2020)). After issuing a Notice of Intent to Dismiss, Doc. 15 at 53-55 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Notice of Intent to Dismiss without a Hearing (Del. C.C.P. March 25, 2020), and granting appointed counsel's request to withdraw, Doc. 15 at 52 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Order (Del. C.C.P. March 25, 2020)), Judge Capuzzi dismissed the PCRA petition. Doc. 15 at 51 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Order (Del. C.C.P. May 27, 2020)).

On appeal, Seth-Murray argued that the PCRA court erred by dismissing the petition without a hearing because there was a material issue as to whether his plea counsel "developed a meaningful relationship with him and adequately explained the potential defenses to him prior to pleading guilty, putting in question whether or not his guilty-plea[] was done so 'knowingly.'" Commonwealth v. Seth-Murray, No. 1332 EDA 2020, Appellant's Brief, 2020 WL 12813219, at *2 (Pa. Super. Dec. 28, 2020) ("Appeal Brief"). Judge Capuzzi issued an opinion recommending affirmance on appeal. Doc. 15 at 30-34 (Commonwealth v. Seth-Murray, CP-23-CR-0004511-2018, Opinion (Del. C.C.P. July 20, 2020)). The Superior Court affirmed the denial of PCRA relief on March 25, 2021. Commonwealth v. Seth-Murray, 251 A.3d 1260 (table), 2021 WL 1148238 (Pa. Super. March 25, 2021) ("Superior Ct. Op."). The Pennsylvania Supreme Court

denied Seth-Murray's petition for allowance of appeal on August 23, 2021. Commonwealth v. Seth-Murray, 261 A.3d 1028 (Pa. Aug. 23, 2021) (table).[5]

On December 17, 2021, Seth-Murray filed this petition for habeas corpus claiming ineffective assistance of counsel ("IAC") because his plea counsel failed to explain potential defenses to the crimes charged. Doc. 1 ¶ 11, GROUND ONE.[6] The District Attorney responds that the state courts reasonably rejected the claim, Doc. 11, and Seth-Murray has filed a reply brief. Doc. 16.[7] The Honorable Harvey Bartle III referred the case to me to prepare a Report and Recommendation. Doc. 5.

---

[5] In his petition, Seth-Murray suggests that the matter be stayed because the Pennsylvania Supreme Court did not decide whether to grant review. Doc. 1 ¶ 17. Seth-Murray apparently had not learned that that court denied review a few months before he filed his petition.

[6] Seth-Murray placed his petition in the prison mailing system on November 29, 2021, Doc. 1 at 16, but his petition is timely without reliance on the mailbox rule. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (requiring the court to deem pro se documents filed when given to prison authorities for mailing). His conviction became final on July 20, 2019, when the time expired to file a direct appeal. See Pa. R. App. P. 903(a) (requiring appeal to be filed within 30 days of order). Seth-Murray filed a PCRA petition on November 13, 2019, 116 days later, tolling the habeas limitations period. See 28 U.S.C. § 2244(d)(2) (properly filed state post-conviction petition tolls the habeas limitations period). With 249 days remining, the limitations period resumed running on April 23, 2021, when the Pennsylvania Supreme Court denied Seth-Murray's petition for allowance of appeal. See Stokes v. Dist. Atty. of Phila., 247 F.3d 539, 542-43 (3d Cir. 2001) (limitations period is not tolled for certiorari petition in state post-conviction appeal). Seth-Murray filed this petition for habeas corpus on December 17, 2021, 238 days later.

[7] In his reply, Seth-Murray argues that his counsel was ineffective in coercing him into pleading guilty based on a promise of a 10 -to- 20 year sentence, and that his PCRA counsel was ineffective. Doc. 16 at 3, 4. A challenge to the effective assistance of PCRA counsel is not cognizable in habeas corpus. 28 U.S.C. § 2254(i). His claim of IAC for coercing his guilty plea is untimely and unexhausted. The habeas limitations period expired on December 28, 2021, see supra n.6, and the first time he presented this

4

## II.     DISCUSSION[8]

Seth-Murray's sole claim is that his plea counsel was ineffective for failing to explain potential defenses to him.  Doc. 1 ¶ 11, GROUND ONE.  Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court set forth a two-pronged test for the consideration of ineffectiveness claims.  First, the petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.  Id. at 687.  Second, the petitioner must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair and reliable trial.  Id.  In determining prejudice, the question is whether there is a reasonable probability that the result of the proceeding would have been different.  Id. at

---

claim was in his reply brief filed on October 21, 2022.  In addition, Seth-Murray did not raise the coercion IAC claim in the state courts, arguing only counsel's failure to explain potential defenses.  See Appeal Brief, 2020 WL 12813219, at *2-8.

[8]Seth-Murray's claim regarding counsel's failure to advise him of available defenses is exhausted because he presented it in his PCRA petition and on appeal to the Superior Court and Pennsylvania Supreme Court.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (exhaustion requires that the petitioner give the state courts an opportunity to review his claims before seeking federal habeas relief).  Although in the Superior Court Petitioner challenged only the adequacy of counsel's advice regarding the aggravated assault charge, Superior Ct. Op., 2021 WL 1148238, at *1, 2, here he challenges counsel's failure to advise him of defenses to "the crimes charged."  Doc. 1 ¶ 11, GROUND ONE.  Thus, at least as to aggravated assault, he exhausted this claim.  To the extent he specifically claims IAC as to defenses to attempted murder, id., I will assume for purposes of analysis that he exhausted that component of the claim as well.

5

694; see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (to establish Strickland prejudice, petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

Additionally, where the state courts have addressed a habeas petitioner's claims, habeas review is limited in nature and may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Here, the Superior Court rejected Seth-Murray's ineffectiveness claim.[9]

> In the present case, there is no question of fact as to whether Seth-Murray's plea counsel misadvised him on the elements of or the available defenses to the count of aggravated assault. . . . [I]n his signed guilty plea statement, Seth-Murray initialed the paragraph stating that his lawyer had explained to him "the elements of [the charged offenses] and the possible penalties for them." He also initialed the paragraph providing that counsel had discussed with him all available defenses.
> . . . .
> Since Seth-Murray's statements at sentencing directly contradict his grounds for withdrawing his plea, there existed no genuine issue of material fact as to plea counsel's effectiveness. Accordingly, the PCRA court did not err in

---

[9]As noted, the Superior Court noted that Seth-Murray's PCRA petition "only concerned the aggravated assault count" and limited its discussion to that count. Super. Ct. Op., 2021 WL 1148238, at *3. However, the same logic the Superior Court used to find that counsel was not ineffective with respect to the aggravated assault charge applies equally to the other counts to which Seth-Murray pled guilty.

6

>denying Seth-Murray's ineffectiveness claim without an evidentiary hearing.

Pa. Super. Op., 2021 WL 1148238, at *3.[10]

The Superior Court's determination of the claim is consistent with Strickland and a reasonable determination of the facts. In the Guilty Plea Statement signed by "Oscar Seth," with each paragraph initialed "O.S.," Seth-Murray acknowledged that he "fully discussed this case with [his] lawyer, including the facts and possible defenses," and stated that he was "fully satisfied with what my lawyer has done for me in the past and what my lawyer is doing for me today concerning this case." Doc. 15 at 74 (Guilty Plea Statement). In addition, at the sentencing hearing, plea counsel noted that she had been working with Seth-Murray and his family "for quite some time." Doc. 15 at 38 (N.T. 6/20/19 at 3). In the face of Seth-Murray's acknowledgement in the Guilty Plea Statement that his counsel had fully discussed the case, including possible defenses, with him, his conclusory statements that his attorney failed in this regard are inadequate to undermine the validity of his plea or establish that his plea counsel's performance was deficient. See Breeland v. Pennsylvania, Civ. No. 11-7691, 2012 WL 1392627, at *6 (E.D. Pa. March 27, 2012) ("The Written Plea Agreement, admittedly executed by petitioner, is sufficient proof to establish that petitioner was advised of his . . . rights prior to the entry of his guilty plea.") (Report and Recommendation adopted 2012 WL 1392566 (E.D. Pa. April 20, 2012); Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994)

---

[10]The Superior Court erroneously references Seth-Murray's statements at sentencing, but no colloquy took place at sentencing. As previously noted, there is no transcript of the plea hearing.

7

("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.") (quoting Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)).  Thus, the Superior Court's determination of this claim was consistent with Strickland and a reasonable determination of the facts.

Moreover, in order to satisfy the prejudice prong of Strickland in the context of a guilty plea, the petitioner must show a reasonable probability that he would not have pled guilty absent counsel's error.  Hill, 474 U.S. at 59.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  Such a showing requires "more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."  Powell v. Meyers, 214 F. App'x 197, 200 (3d Cir. 2007) (quoting Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995)).

Assuming for purposes of argument that counsel failed to explain defenses to the crimes charged, Seth-Murray has failed to assert, let alone establish, that he would have insisted on going to trial had he been aware of such defenses.  He asserts without any explanation or reference to the facts that his lawyer should have informed him of "heat of passion and/or mistaken belief defenses with regards to the attempted murder count."  Doc. 1 ¶ 11, GROUND ONE(a).  The only available evidence is inconsistent with those defenses, namely Seth-Murray's identification on video footage and by one of the victims, and that Seth-Murray was observed purchasing food, leaving the restaurant, and then returning to assault and shoot the victims.  See Doc. 15 at 118-19 (Search Warrant Probable Cause Affidavit).  Thus, Seth-Murray has failed to establish any basis to

conclude that he would have pled not guilty had his counsel informed him of possible defenses.

## III. CONCLUSION

The Superior Court's rejection of Seth-Murray's IAC claim for failing to inform him of available defenses was consistent with governing Supreme Court precedent and a reasonable determination of the facts. Accordingly, Seth-Murray is not entitled to habeas relief.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 31st day of October, 2022, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability. Petitioner may file objections to this Report and Recommendation. <u>See</u> Local Ci<u>v. Rule 72.1</u>. Failure to file timely objections may constitute a waiver of any appellate rights.

<div style="margin-left:50%">

BY THE COURT:

/s/ Elizabeth T. Hey
_____
ELIZABETH T. HEY, U.S.M.J.

</div>